Fulton County Superior Court
\*\*\*EFILED\*\*\*BR
Date: 1/29/2016 2:35:09 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

Michael Wilson

_____
Plaintiff

CIVIL ACTION FILE NUMBER:

2016CV270806

VS.

Marinemax East, Inc. +
Sea Ray Boats, Inc a
Division of Brunswick Corp.
Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Marinemax East, Inc.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

T. Michael Flinn
402 Tanner Street
Carrollton, Georgia 30117

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___ day of ___1/29/2016___, 2016.

By: _Brenda Ray_
Clerk/Deputy Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

MICHAEL WILSON,

   Plaintiff,

-vs-           : CIVIL ACTION FILE NO. 2016CV270806

MARINEMAX EAST, INC., and
SEA RAY BOATS, INC., A DIVISION
OF BRUNSWICK CORPORATION,

   Defendants.

## COMPLAINT

Comes Now MICHAEL WILSON, Plaintiff in the above styled case, and files this its Complaint against MarineMax, East, Inc. and Sea Ray Boats, Inc., a division of Brunswick Boat Group, and shows this Court the following:

1.

Defendant, MarineMax East, Inc. (hereinafter "Dealer"), is a dealership whose principle place of business is located at 5800 Lanier Islands Parkway, Buford, Georgia 30518, and is subject to the jurisdiction of and within the venue of this Court. Defendant may be served through its registered agent Corporate Creations Network, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

Defendant, Sea Ray Boats, Inc., a division of Brunswick Corporation, (hereinafter "Sea Ray") is a corporation authorized to do business in the State of Georgia and is subject to the jurisdiction of and within the venue of this Court. Defendant may be served through its Registered Agent, CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

2.

Plaintiff Michael Wilson ("Plaintiff") visited Dealer on October 16, 2013, and purchased a new 2014 Sea Ray 350 (hereinafter referred to as "boat"), Serial No.: SERP8266K314. See Purchase Agreement (Exhibit A). The boat was delivered to Lake Lanier in mid to late February, 2014. Plaintiff requested that the boat stay at Lake Lanier for several weeks just to be sure all was okay before moving the boat to Lake Allatoona.

3.

As early as March 2, 2014, Plaintiff began experiencing problems with the boat, including:

a) engine error codes and failures;

b) Kohler generator had to be replaced;

c) the remote spotlight has not worked since early summer of 2015;

d) catastrophic failure on the Windlass Anchor (that neither Sea Ray, MarineMax nor the $7,000.00 extended warranty would cover;

e) the Port engine has a constant alarm indicating "DRIVE LUBE LOW";

f) the Starboard engine has a constant alarm indicating "MISFIRE"; and

g) the Bilge Blower motor has failed.

4.

August 20, 2014, at the recommendation of Bob Dinman with MarineMax, Plaintiff had Lakeland Power come out to service the generator. This recommendation was made because MarineMax technicians could not solve the ongoing problem with the generator. As part of the service, water was found in the piston/cylinder walls. Through the process of elimination it was discovered that there is a design flaw in the boat and the water actually came into the generator through the impeller inlet. Plaintiff states that on Monday, August 24, 2015, Tom Rienmann, General

Manager of MarineMax Baldridge emailed Plaintiff indicating that Sea Ray knew of the DESIGN DEFECT problem.

5.

Plaintiff relied on Defendants' representations that the boat was in good working condition and primarily based his decision to purchase the boat on Defendants' representations and the warranty. Further, it is unreasonable for Defendants to believe that Plaintiff would accept a tender of a boat which would require the replacement of entire components at such an early time frame.

6.

Plaintiff suffered damages in the form of mental anguish and stress for which Plaintiff now seeks recovery.

7.

Defendants have breached its contract with Plaintiff by misrepresenting the actual condition of the subject boat and failing to make repairs and/or failing to make repairs in a workmanlike manner and in a timely manner.

### COUNT I

### REJECTION OF DEFECTIVE TENDER

8.

Plaintiff realleges all allegations contained in paragraph 1 through 7 above as though each was fully set out herein. Further, at all times material herein Defendants were merchants regularly engaged in the business of selling new and used boats.

9.

The above facts entitled Plaintiff to and Plaintiff did reject acceptance of the 2014 Sea Ray 350, after reasonable time after delivery and in any event, within a reasonable time for inspection

of the boat, and by reason of the defendant Dealers' breach of contract to make proper delivery and of warranties of merchantability, Plaintiff has been damaged in the sum of all sums paid on the contract.

## COUNT II

### REVOCATION OF ACCEPTANCE

10.

Plaintiff realleges all allegations contained in paragraph 1 through 9 above as though each was fully set out herein. Further, at all times material herein Defendants were merchants regularly engaged in the business of selling new and used boats.

11.

Defendants, in order to induce Plaintiff to purchase said boat, represented that it was a high quality product, of good sound construction, and was in every way fit and suitable for use as a personal boat by Plaintiff. Defendants further represented that any defects present in the boat would be repaired promptly.

12.

Mr. Wilson relied on the aforesaid representation of Defendants and believed them to be true. Mr. Wilson accepted said boat when it was delivered because no material defects were then apparent and because of Defendants' aforesaid assurance that any defect would be promptly repaired.

13.

Shortly after the said boat was delivered to Mr. Wilson, the following material defects were discovered:

a) engine error codes and failures;

b) Kohler generator had to be replaced;

c) the remote spotlight has not worked since early summer of 2015;

d) catastrophic failure on the Windlass Anchor (that neither Sea Ray, MarineMax nor the $7,000.00 extended warranty would cover;

e) the Port engine has a constant alarm indicating "DRIVE LUBE LOW";

f) the Starboard engine has a constant alarm indicating "MISFIRE"; and

g) the Bilge Blower motor has failed.

14.

Immediately after the discovery of such defects, Plaintiff immediately notified Defendants of said defects and Defendants represented to Plaintiff that said defects would be repaired and that the boat purchased by Plaintiff would then be as good as new.

15.

The defects were not corrected although Defendants were given ample opportunity to correct them. Such defects substantially impaired the value of said boat to Plaintiff as a personal boat. Further, Plaintiff's faith in the boat as a personal boat was shaken.

16.

Following receipt of the boat and within a reasonable time following delivery, Plaintiff revoked his acceptance of the boat.

17.

Defendants have refused to repurchase said boat.

18.

Plaintiff has suffered damage by reason of Defendants' actions in the sum of all sums paid on the contract.

## COUNT III

### BREACH OF EXPRESS WARRANTY

19.

Plaintiff realleges all allegations contained in paragraph 1 through 18 above as though each was fully set out herein. Further, at all times material herein Defendants were merchants regularly engaged in the business of selling new and used boats.

20.

On October 16, 2013, Plaintiff purchased from Defendant Dealer a new 2014 Sea Ray 350, Serial No.: SERP8266K314. This boat had been manufactured by Defendant Sea Ray Boats, Inc., a division of Brunswick Corporation.

21.

Plaintiff was the "buyer" under O.C.G.A. § 11-2-103.

22.

Defendant Dealer is a "seller" under O.C.G.A. §11-2-103.

23.

Defendant Sea Ray is a "seller" under O.C.G.A. § 11-2-103.

24.

The boat constituted "goods" under O.C.G.A.§ 11-2-105. Further Plaintiff realleges each and every allegation set out in paragraphs 1 through 23 above as though each were fully set out herein.

25.

Plaintiff's purchase of the boat was accompanied by an express warranty offered by manufacturer and extended to Plaintiff. The aforesaid warranty was part of the basis of the bargain

of the contract between Plaintiff and seller for the sale of the boat.

26.

In this express warranty, manufacturer warranted that the boat was free from all defects in material or workmanship, and that if any such defects were discovered within a specified period manufacturer would provide for repair of the boat free of charge to Plaintiff or at a minimal charge to Plaintiff.

27.

In fact, when delivered, the boat had material defects which are hereby re-alleged from paragraphs 1 through 26 as though they were fully set out herein. The defects were discovered within the warranty period.

28.

Within a reasonable time of discovering each defect, Plaintiff orally and by letter notified Defendants of the defects as provided in the express warranty.

29.

Plainltiff provided to Dealer, and through Dealer, to Sea Ray Boats, Inc., as directed in the express warranty, sufficient opportunity to repair or replace the boat as shown by the service orders as well other opportunities not shown by service orders.

30.

Plaintiff as met all Plaintiff's obligations and preconditions as provided in the express warranty.

31.

Defendants have failed to adequately repair the boat in a timely fashion as provided in the express warranty, and Plaintiff believes that the boat is still in a defective condition.

32.

The defects present in the boat could not reasonably have been discovered by Plaintiff prior to Plaintiff's acceptance of the boat.

33.

Plaintiff orally notified Defendants that he revoked his acceptance of the boat and also did so by letter from his attorney dated November 2, 2015.

34.

As of that date, the boat was in substantially the same condition as at delivery, except for damage caused by its own defects.

35.

Defendants have refused Plaintiff's revocation and have refused to provide Plaintiff with the remedies to which Plaintiff is entitled upon revocation.

36.

Plaintiff has been damaged by reason of the aforesaid actions in the amount of all sums paid on the contract and attorney's fees.

### COUNT IV

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

37.

Plaintiff re-alleges the allegations contained in paragraphs 1 through 36 above as though each were fully set out herein.

38.

Defendants are merchants with respect to boats under O.C.G.A. § 11-2-104.

39.

The boat purchased by Plaintiff was subject to implied warranties of merchantability under O.C.G.A. §11-2-314, running from Defendants to the benefit of Plaintiff.

40.

The defects described in the paragraphs above rendered the boat unmerchantable.

41.

Sea Ray has failed to adequately remedy the defects in the boat and the boat is still in an unmerchantable condition, which all damages Plaintiff in the amount of all sums paid on the contract and attorneys fees.

## COUNT V

### BREACH OF WRITTEN WARRANTY UNDER THE MAGNUSON-MOSS WARRANTY ACT

42.

Plaintiff re-alleges each allegation contained in paragraphs 1 through 41 above as though each were fully set out herein.

43.

Plaintiff is a consumer as defined in the Magnuson-Moss Warranty Act (herein Warranty Act) 15 USC Sec. 2301 (3).

44.

Sea Ray is a supplier and warrantor as defined in the Warranty Act, 15 USC Sec. 2301 (4) (5).

45.

The boat is "consumer products" as defined in the Warranty Act, USC. § 2301 (1).

46.

The boat was manufactured after July 4, 1975.

47.

The above described actions constitute breach of the written warranty by Sea Ray.

48.

Wherefore, Plaintiff is entitled to recovery in the amount of all sums paid on the contract as described above; and in addition is entitled to actual attorney's fees reasonably incurred in connection with the commencement and prosecution of this action; to costs of this action; and to other legal and equitable relief as the Court may deem proper.

### COUNT VI

### BREACH OF IMPLIED WARRANTY UNDER THE MAGNUSON-MOSS WARRANTY ACT

49.

Plaintiff re-alleges the allegations contained in paragraphs 1 through 48 above as though each were fully set out herein.

50.

The above-described actions constitute a breach of the implied warranty of merchantability actionable under the Warranty Act, 15 USC Sec. 2310 (d) (1).

51.

Wherefore, Plaintiff is entitled to recovery in the amount of all sums paid on the contract and actual attorney's fees reasonably incurred in connection with the commencement and prosecution of this action; and other legal and equitable relief as the Court may deem proper.

## COUNT VII

### DECEPTIVE OR UNFAIR TRADE PRACTICE

52.

Plaintiff re-alleges the allegations of paragraphs 1 through 51 as though each were set out fully herein.

53.

The above stated acts constitute deceptive trade practices within the meaning of O.C.G.A. §10-1-393 (b)(5) and (b)(7) entitling Plaintiff to treble actual damages, attorneys fees, and exemplary damages in an amount to be determined by the enlightened conscience of a jury.

54.

Plaintiff shows the Court that he has made effort to compromise with the respective Defendants and have previously advised said Defendants that he has legitimate claims and defenses to the contract. Plaintiff shows the Court that this has put Plaintiff to unnecessary trouble and expense, and the refusal of Defendants to cancel the contract and refund the monies paid to it thereunder has been in bad faith and stubbornly litigious under the facts and circumstances of this case.

WHEREFORE, Plaintiff prays:

a) that judgment be entered in Plaintiff's favor in the amount of all sums paid on the contract actual damages;

b) that Plaintiff be awarded reasonable attorneys fees;

c) that Plaintiff be awarded exemplary damages;

d) that all sums paid by Plaintiff be returned to Plaintiff along with Plaintiff's trade-in allowance;

e) that Plaintiff be awarded such further relief as he is entitled to under the statutes cited above; and

f) for such other and further legal and applicable relief as Plaintiff may be entitled to under the premises.

This the 11th day of January, 2016.

LAW OFFICES OF T. MICHAEL FLINN

BY: /s/ T. Michael Flinn
T. Michael Flinn
Attorney for Plaintiff
State Bar Number 264530

402 Tanner Street
Carrollton, Georgia 30117
(770) 832-0300
michael@georgiaconsumerlawyer.com

**SHERIFF'S ENTRY OF SERVICE**                                    SC-85-2                                                CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

Civil Action No. 2016 CV-270806

Date Filed January 29, 2016

| | |
|---|---|
| Superior Court ☒ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, Fulton COUNTY

Michael Wilson

Attorney's Address
T. Michael Flinn
402 Tanner Street
Carrollton, GA 30117

VS.  **SERVE** Plaintiff

MarineMax East, Inc. +
Sea Ray Boats, Inc. a Division
of Brunswick Corp.                       Defendant

Name and Address of Party to be Served.

MarineMax East Inc
c/o through its registered agent
Corporate Creations Network, Inc.
2985 Gordy Parkway, 1st Floor
Marietta, GA 30066

Garnishee

SHERIFF'S ENTRY OF SERVICE    Cunningham + DeCarlo

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant MarineMax East Inc, a corporation by leaving a copy of the within action and summons with Luby Gonzalez in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 12 day of Feb., 20 16.

K. Hicks  78059  DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT

| SHERIFF'S ENTRY OF SERVICE | SC-85-2 | | CLYDE CASTLEBERRY CO., COVINGTON, GA 30015 |
|---|---|---|---|

Civil Action No. 2016-CV-270806

Date Filed January 29, 2016

Superior Court ☒
State Court ☐
Juvenile Court ☐
Magistrate Court ☐
Probate Court ☐

Georgia, **Fulton** COUNTY

**Michael Wilson**

_____ Plaintiff

**Attorney's Address**
T. Michael Flinn
402 Tanner Street
Carrollton, GA 30117

vs.

**MarineMax East, Inc + Sea Ray Boats, Inc. a Division of Brunswick Corp** Defendant

**Name and Address of Party to be Served.**
Sea Ray Boats, Inc.
by + through its registered agent
CT Corporation System
1201 Peachtree Street, NE
Atlanta, GA 30361

_____ Garnishee

**SHERIFF'S ENTRY OF SERVICE** Complaint + Discovery

Fulton County Superior Court
***EFILED***QW
Date: 2/22/2016 9:04:39 AM
Cathelene Robinson, Clerk

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about ____ years; weight ____ pounds; height, about ____ feet and ____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒ Served the defendant **Sea Ray Boats Inc.** _____ **A Gunner** _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This **16** day of **Feb**, 20**16**.

Dep. Morgan #0522
_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT